UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM ROOP, as Power of Attorney
for Robert and Sheena Willging,

      Plaintiff,

v.                                        Case No:  2:24-cv-00176-JLB-NPM

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

This action comes before the Court upon Defendant Wright National Flood Insurance Company's ("Wright National's") Motion for Summary Judgment on Plaintiff Adam Roop's breach of contract claim. After careful review of the Complaint, the parties' briefing, and the entire record, the Court determines that Wright National's Motion for Summary Judgment is due to be **GRANTED**.

### BACKGROUND

Mr. Roop, acting as power of attorney for Robert Willging, brings this action alleging Wright National breached a Standard Flood Insurance Policy ("SFIP").[1]

---

[1] Though the Complaint alleges that Roop acts as power of attorney for both Robert and Sheena Willging (Doc. 5 at 1), he has since admitted that "Sheena Willging never signed any Power of Attorney naming Adam Roop as her Attorney in Fact and Agent." (Doc. 20-2 at 3). And, in his Objections and Responses to Defendant's interrogatories, Roop admitted that "Sheena Willging is not a party to the home or flood claim per the Marital Settlement Agreement produced in response to Defendant's Request for Production." (Doc. 20-7 at 7–8). Further, there is documentation of a signed Power of Attorney agreement between only Roop and Robert Willging. (*See* Doc. 20-5). Thus, Roop lacks standing to bring this action on behalf of Sheena Willging. *See Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, No. 19-80766-CIV, 2019 WL 9104170, at *7 (S.D. Fla. Sept. 13, 2019), report and

(*See* Doc. 5). The following facts are undisputed. This action concerns Wright National's partial denial of Mr. Willging's insurance claim for damage caused by Hurricane Ian. Mr. Willging owns the property at 1385 Brookside Drive, Naples, Florida 34104. (Doc. 20-2 at 1). Wright National insured the property under a SFIP bearing policy number 09115203789301. (*See* Doc. 20-1; Doc. 20-2 at 1; Doc. 20-4; Doc. 20-3 at ¶ 5). Wright National is a Write-Your-Own ("WYO") insurance carrier and issued the SFIP pursuant to the National Flood Insurance Program ("NFIP") administered by the Federal Emergency Management Agency ("FEMA"). (Doc. 20-1 at 32; 20-3 at 1–2); 42 U.S.C. § 4001.

On September 28, 2022, the property suffered flood damage. (Doc. 20-6 at 1). After receiving the proof of loss form for the damage, Wright National assigned it claim number 220002973. (Doc. 20-3 at ¶ 6; *see* Doc. 20-8;). Wright National adjusted the claim and made a payment to Mr. Willging for $121,195.67. (Doc. 20-3 at ¶ 8).

On November 15, 2022, Mr. Willging gave Mr. Roop power of attorney to handle matters related to damages to the property caused by Hurricane Ian. (Doc. 20-5; Doc. 20-2 at 3). Acting in this capacity, Mr. Roop signed a proof of loss on

---

recommendation adopted, No. 9:19-CV-80766, 2019 WL 9104169 (S.D. Fla. Nov. 26, 2019) ("A power of attorney . . . confers on the agent the authority to act on behalf of the principal.") (citation and internal quotation marks omitted); *Worldwide Aircraft Servs., Inc. v. Anthem Ins. Companies, Inc.*, No. 8:21-CV-456-CEH-AAS, 2022 WL 797471, at *3 (M.D. Fla. Mar. 16, 2022) (finding standing for claims where plaintiff had power of attorney to bring the action on behalf of Patient K.D.); *In re Moth*, No. 6:09-BK-10554-ABB, 2011 WL 135794, at *3 (Bankr. M.D. Fla. Jan. 13, 2011) (finding standing to bring the action where plaintiff had power of attorney "to commence and prosecute any legal proceeding to recover sums owed to Ms. Preibisius").

September 14, 2023, to recover a total of $245,000 under the SFIP. (Doc. 20-6). On January 5, 2023, Wright National sent a Denial Letter partially denying the flood loss claim. (Doc. 20-8; Doc. 20-2 at 4).

Mr. Roop brought action in state court alleging breach of contract under the SFIP on November 3, 2023. (*See* Doc. 1-1 at 2). Wright National was served on February 5, 2024. (Doc. 1-1). On February 26, 2024, Wright National timely removed the action to this Court. (*See* Doc. 1).

Wright National moved for summary judgment on September 30, 2024 (Doc. 20). Despite being aware of the time to respond, Mr. Roop failed to file a response to Wright National's Motion for Summary Judgment. *See* M.D. Fla. Loc. R. 3.01(c) ("[A] party may respond within twenty-one days after service to a motion . . . for summary judgment[.]"). On March 3, 2025, the Court held a case management conference, wherein the Court informed Plaintiff that, should he still wish to file a response to Wright National's Motion, he may seek leave of court to do so. (*See* Doc. 37). Still, Mr. Roop did not seek leave of court or file a response. Thus, Wright National's Motion for Summary Judgment is unopposed.

## LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

> A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

> issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018) (citation and internal quotation marks omitted).

"An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case" and "[a]n issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004) (citations omitted). In reviewing a motion for summary judgment, a court must "view the evidence in the light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant." *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 707 (11th Cir. 2019).

When a motion for summary judgment is unopposed, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion" and consider "all of the evidentiary materials submitted in support of the motion[.]" *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")).

## DISCUSSION

Defendant argues that summary judgment is appropriate because this action was brought outside of the statute of limitations and, alternatively, that Plaintiff did not comply with the SFIP's proof of loss requirement. (Doc. 20). Because the Court agrees that Plaintiff's claim is time-barred, it does not address Defendant's additional argument.

In flood-insurance disputes, the plaintiff must bring an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, section 4072 provides

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, *the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court* for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in the controversy.

42 U.S. Code § 4072 (emphasis added). The SFIP has a parallel "Suit Against Us" provision requiring that a plaintiff must "start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss." (Doc. 20-1 at 24); 44 C.F.R. pt. 61, app. A(1), art. VII(O) (2022).

Here, Defendant partially denied Plaintiff's claim on January 5, 2023. (Doc. 20-8; Doc. 20-3 at ¶ 12; Doc. 20-2 at 4). Plaintiff filed an action in state court on November 3, 2023. (*See* Doc. 1-1). Not until February 26, 2024, did Defendant remove the case to this Court. (*See* Doc. 1). Thus, Plaintiff is time-barred from bringing this action.

Filing in state court does not toll the one year statute of limitations. *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352–53 (11th Cir. 2000); *Mazzula v. Am. Strategic Ins. Corp.*, No. 219CV215FTMSPCNPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021) (finding that "[t]he state court lawsuit did not toll the one-year statute of limitations" for an action brought pursuant to 42 U.S.C. § 4072); *Smith-Pierre v. Fid. Nat. Indem. Ins. Co.*, No. 11-60298-CIV, 2011 WL 3924178, at *4 (S.D. Fla. Sept. 7, 2011) (same).

In *Hairston*, the Eleventh Circuit considered the issue now before this Court—whether filing an NFIP action in state court tolls the statute of limitations provided for in 42 U.S.C. § 4072. *See Hairston*, 232 F.3d at 1352–53. The Court reasoned that, because federal courts have exclusive jurisdiction over NFIP claims, filing in state court does not toll the limitations period. *Id.* In doing so, it distinguished claims brought under 42 U.S.C. § 4072 from similar claims. *Id.* For instance, in *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 432 (1965), the United States Supreme Court found that the state court filing did toll the statute of limitations

6

period under 45 U.S.C. § 56. In that case, however, the state court had jurisdiction to hear the claim because 45 U.S.C. § 56 specifically reserved concurrent jurisdiction. *Id.* at 432–36. Unlike there, 42 U.S.C. § 4072 does not allow concurrent jurisdiction; instead, it gives exclusive jurisdiction to the federal courts.

Because there is no genuine issue of material fact, the Court must grant summary judgment in favor of Defendant.[2]

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly, deny any pending motions as moot, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida, on September 12, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] Though the Court has already addressed Mr. Roop's lack of standing to pursue claims on behalf of Sheena Willging, the Court also notes that whether Mr. Roop has standing to bring this breach of contract action on behalf of Robert Willging is questionable. "Powers of attorney are creatures of state law," yet the agreement between Mr. Roop and Mr. Willging does not indicate in which state the document was executed, leaving the Court unable to evaluate the document's validity. *See Brannigan v. Anthem Blue Cross & Blue Shield*, No. 8:21-CV-2353-KKM-SPF, 2022 WL 1506393, at *3 n.5 (M.D. Fla. Apr. 26, 2022), report and recommendation adopted, No. 8:21-CV-2353-KKM-SPF, 2022 WL 1500956 (M.D. Fla. May 12, 2022); (Doc. Doc. 20-5). In any case, the breach of contract claim fails because the time to bring the action in the proper court has passed.